UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MIGUEL GUERRA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COIL TUBING PARTNERS, L.L.C.<br><br>　　　　　Defendant. | Case No. _____<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Miguel Guerra ("Guerra") brings this action against Coil Tubing Partners, L.L.C. ("CTP") to recover compensation. CTP violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") when it terminated Plaintiff Guerra without providing sufficient (or any) advance written notice. In further support thereof, Plaintiff Guerra alleges as follows:

### I.
### OVERVIEW

1.　　This is an action for the recovery by Plaintiff Guerra, a former employee of CTP, of damages in the amount of 60 days' compensation and benefits by reason of CTP's violation of Plaintiff Guerra's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

2.　　Plaintiff Guerra was an employee of CTP and was terminated without cause on his part on or about March 15, 2020, as part of or as the reasonably expected consequence of a mass layoff, which was effectuated by CTP on or about that date.

3.　　CTP failed to give Plaintiff Guerra advanced written notice of his termination.

4. Further, CTP also failed to "give as much notice as practicable" of Plaintiff Guerra's termination.

5. In fact, CTP gave ***no*** advance written notice to Plaintiff Guerra before it engaged in a mass layoff.

6. In violation of the WARN Act, CTP failed to provide as much written notice as was practicable under the circumstance surrounding the crash of oil prices in early 2020, and also failed to provide a statement of the basis for reducing the notification period to ***zero*** days advance notice.

7. CTP's failure to provide its employees with any advance written notice had a devastating economic impact on Plaintiff Guerra.

8. As a consequence, Plaintiff Guerra is entitled to recover from the CTP his respective compensation and benefits for 60 days, no part of which has been paid.

## II.
## THE PARTIES

9. Plaintiff Miguel Guerra was employed by CTP in Texas during the relevant time period. Plaintiff Guerra did not receive any advanced written notice of his termination before CTP engaged in a mass layoff.

10. Defendant Coil Tubing Partners, L.L.C. ("CTP") is a foreign limited liability corporation, licensed to and doing business in the State of Texas and may be served through its registered agent for service of process: **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

11. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 2104(a).

12. This Court has personal jurisdiction over CTP because the cause of action arose within this District as a result of CTP's conduct within this District and Division.

13. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

14. Specifically, Plaintiff Guerra worked for CTP in Robstown, Texas, which is located within this District and Division.

15. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

16. CTP is an oilfield service company operating in Texas, North Dakota, and Louisiana.[1]

17. Prior to his termination, Plaintiff Guerra was employed by CTP.

18. On March 15, 2020, Plaintiff Guerra was called into his supervisor's office and terminated.

19. Plaintiff Guerra's termination was without cause.

20. CTP specifically informed Plaintiff Guerra that his termination was part of a mass layoff.

21. Prior to his termination, Plaintiff Guerra did not receive written notice at least 60 days in advance of the termination of their employment, nor did he receive as much notice as practicable under the circumstances.

22. CTP had expressly discussed the impact of the crash of oil prices on its business with Plaintiff Guerra and other employees and expressed to them that it may have to furlough some employees. This means CTP knew its business was suffering and, thus, knew in advance that a mass layoff was coming but still failed to provide any written notice at any time to Plaintiff Guerra.

---

[1] http://coiltubingpartners.com.

23. Moreover, CTP received Ten Million ($10,000,000.00) dollars on April 14, 2021 in forgivable loans[2] through the "Paycheck Protection Program," but still opted to continue engaging in a mass layoff – and it did so without providing any advance written notice to its employees. This only further underscores the severity of the WARN Act violations committed by CTP.

24. Upon information and belief, hundreds of other employees working for CTP were terminated without cause as part of a reasonably foreseeable mass layoff.

25. At all relevant times, CTP employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given) (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

26. The terminations in March 2020 of the employment of persons who worked at the various facilities for CTP resulted in the loss of employment for at least 50 employees, excluding Part-Time Employees.

27. The terminations in March 2020 of the employment of persons who worked at the Robstown office, or as the reasonably foreseeable consequence of those terminations, resulted in the loss of employment for at least 33% of the Robstown office's employees, excluding Part-Time Employees.

---

[2] https://projects.propublica.org/coronavirus/bailouts/loans/coil-tubing-partners-llc-7706037105; https://www.federalpay.org/paycheck-protection-program/coil-tubing-partners-llc-lafayette-la. Eight million three hundred thousand ($8,300,000) dollars was meant to cover CTP's employees.

28.     Plaintiff Guerra was discharged without cause in March 2020, or thereafter as the reasonably expected consequence of the terminations that occurred on that date.

29.     Plaintiff Guerra experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred in March 2020.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Action Alleging WARN Act Violation)

30.     Paragraphs 1–29 are fully incorporated herein.

31.     At all times material herein, Plaintiffs Guerra has been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 *et. seq.*

32.     CTP was, and is, subject to the notice and back pay requirements of the federal WARN Act because CTP is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who, in the aggregate, work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) & (B).

33.     The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

34.     Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1 - § 639.10 *et seq.*, CTP was required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

35.     CTP willfully violated the federal WARN Act by failing to provide the required notice.

36. CTP failed to pay Plaintiff Guerra his respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following his termination, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay his medical expenses for 60 calendar days from and after the dates of his termination.

37. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2).

38. None of the WARN Act exemptions apply to CTP.

39. Accordingly, Plaintiff Guerra must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

40. Plaintiff Guerra has been damaged by CTP's conduct constituting violations of the WARN Act and is entitled to damages for his back pay and associated benefits for each day of the violation because CTP has not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the WARN Act.

## VI.
## RELIEF SOUGHT

41. Plaintiff Guerra respectfully prays for judgment against CTP as follows:

   a. Compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

   b. Reasonable attorneys' fees, costs, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6); and

   c. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 26, 2021 Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**LAW OFFICES OF JOSEPH A. GAAR, JR.**

By: /s/ *Lucas S. Colligan*
**Lucas S. Colligan** (*Pro Hac Vice Anticipated*)
Louisiana Bar No. 31673
lucas@gaarlaw.com
114 Representative Row
Lafayette, Louisiana 70508
Telephone: (337) 233-3185
Facsimile: (337) 233-0690

***Attorneys for Plaintiff***